UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | |
|---|---|
| Alvin Moore ) | Case No. |
| 5744 Pearton Court ) | |
| Cincinnati, Ohio 45224 ) | Judge: |
| ) | |
| ) | Magistrate: |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| Coca Cola Bottling Company Consolidated ) | (Jury Demand Endorsed Herein) |
| 4100 Coca Cola Plaza ) | |
| Human Resources Department ) | |
| Charlotte, North Carolina 28211 ) | |
| ) | |
| ) | |
| Defendant. ) | |

Now comes the Plaintiff, Alvin Moore ("Plaintiff" or "Moore"), by and through counsel, for his Complaint against the above-named Defendant as follows:

I. **THE PARTIES**

1. Plaintiff is an individual residing in Cincinnati, Ohio, Hamilton County and is an employee of the Defendant.

2. The Defendant is, upon information and belief, a foreign company with its corporate office located at 4100 Coca Cola Plaza, Charlotte, North Carolina 28211.

3. The Defendant also has a facility located at 5100 Duck Creek Road, Cincinnati, Ohio 45227 ("Duck Creek"), which is where the Plaintiff worked for the Defendant at all relevant times herein.

4. The Defendant is the largest bottling company for Coca Cola in the United States with its corporate office in Charlotte, North Carolina and 13 manufacturing facilities and 30

distribution and sales facilities in the United States. The Defendant's primary service is to make, sell and distribute beverages of The Coca-Cola Company, and other partner companies in more than 300 brands and flavors across 14 states and the District of Columbia, to over 65 million consumers.

5. At all relevant times herein, the Defendant employed the Plaintiff to work as a forklift operator at its Duck Creek facility in Cincinnati, Ohio.

6. At all relevant times herein, the Defendant was the Plaintiff's employer and is an employer as defined by Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. 2000e(b), *et seq.*; the Ohio Civil Rights Act as found in the Ohio Revised Code Chapter 4112.

7. At all relevant times herein, the Plaintiff was an employee of the Defendant, and is an employee as defined in Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. 2000e(b), *et seq.*; the Ohio Civil Rights Act as found in Ohio Revised Code § 4112.01, *et seq.*

## II. JURISDICTION AND VENUE

8. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

9. This Court has federal jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff's Complaint raises a cause of action under Title VII of the Civil Rights Act of 1964, as amended, as codified in 42 U.S.C. 2000e(b), *et seq.* This Court has supplemental jurisdiction over the Plaintiff's state law causes of action pursuant to 28 U.S.C. § 621, *et seq.* because these claims arise out of the same facts and circumstances involved in the federal causes of action herein and involve the same case or controversy.

10. Venue is proper within the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391 because all of the conduct giving rise to the Plaintiff's causes of action occurred in Cincinnati, Ohio, Hamilton County.

11. Plaintiff dually filed a charge of race and gender discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). The EEOC issued a Dismissal and Notice of Rights, which was mailed on April 18, 2018. A copy is attached hereto as Exhibit 1.

### III. FACTS

12. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

13. Plaintiff is an African American male.

14. On or about March 15, 2015 the Defendant hired the Plaintiff to work as a Pallett Jack Operator. On January 5, 2017, the Plaintiff was promoted to a Forklift Operator position on third shift.

15. The Plaintiff switched to second shift in April 2017.

16. On or about June 21, 2017, the Defendant held a meeting with all 2nd shift forklift operators, pallet jack operators and two second shift supervisors (Darryl and Anthony).

17. In the meeting, two shift supervisors told the workers that they could not stage their product outside the warehouse in a driveway next to the door anymore because of OSHA issues and new food safety laws.

18. Kenny McGuire (African American male) spoke for everyone and said this will slow the whole process down and slow the build down.

19. The meeting was getting unruly, so the Plaintiff Alvin said "look, fuck it, if it's going to slow us down, let it slow us down, let's go man."

20. The Plaintiff was talking specifically to Kenny and all the other guys that were complaining about not being able to do their job under these new rules.

3

21. A lot of employees were cursing during this meeting, in addition to the Plaintiff.

22. Even though other white employees were also cursing during this meeting, the Defendant singled out the Plaintiff and terminated his employment for "inappropriate language in front of a supervisor." They called this insubordination.

23. The Defendant treated similarly situated white employees differently than the Plaintiff even though these employees engaged in the same conduct.

24. The Plaintiff was treated differently because of his race and in retaliation for his prior complaints of discrimination, harassment and various terms and conditions of his employment.

25. Approximately three weeks later, the Defendant called the Plaintiff back to work and forced him to sign a Last Chance Agreement.

26. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered damages for which he is entitled to judgment as a matter of law.

## COUNT I
## (RACE DISCRIMINATION-TITLE VII)

27. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

28. Plaintiff is an African American male, and a member of a protected class.

29. Plaintiff was fully qualified for his position at all relevant times herein.

30. The Defendant fired the Plaintiff and Plaintiff's termination permitted the hiring and/or retention of white employees.

31. Plaintiff was treated differently than other similarly situated white employees who are not members of his protective class.

32. The Defendant's conduct was intentional, willful, wanton and malicious.

4

33. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees, and is entitled to judgment as a matter of law.

34. Thus, Plaintiff seeks compensatory and punitive damages allowed by law.

## COUNT II

## (RACE DISCRIMINATION – R.C. 4112.02)

35. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

36. Plaintiff is an African American male, and a member of a protected class.

37. Plaintiff was fully qualified for his position at all relevant times herein.

38. The Defendant fired the Plaintiff and Plaintiff's termination permitted the hiring and/or retention of white employees.

39. Plaintiff was treated differently than other similarly situated white employees who are not members of his protective class.

40. The Defendant's conduct was intentional, willful, wanton and malicious.

41. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees, and, is entitled to judgment as a matter of law.

42. Thus, Plaintiff seeks compensatory and punitive damages allowed by law.

## COUNT V

## (INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS)

43. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

5

44. The Defendant's conduct was intentional, willful, wanton, malicious, reckless, and outrageous.

45. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered emotional harm, and is entitled to judgment as a matter of law.

46. Thus, Plaintiff seeks compensatory and punitive damages allowed by law.

## COUNT VI

### (PUNITIVE DAMAGES)

47. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

48. The Defendant acted intentionally, willfully, wantonly, recklessly, egregiously and maliciously when taking the actions described herein. The Defendant acted with malice and reckless indifference to the Plaintiff's state and federally protected rights. Thus, Plaintiff is entitled to punitive damages as a matter of law.

>WHEREFORE, the Plaintiff respectfully requests the Court to do the following:
>
>1) JUDGMENT in favor of the Plaintiff on all Counts in the Complaint;
>
>2) AWARD Plaintiff full compensatory damages allowed under the applicable state and federal laws (including, but not limited to all lost pay and benefits, back pay, front pay, emotional distress damages, and attorney's fees)in excess of $100,000;
>
>3) AWARD Plaintiff PUNITIVE DAMAGES; and
>
>4) AWARD Plaintiff prejudgment and post judgment interest, and all costs associated with the pursuit of this action, including, but not limited to, court costs, filing fees, depositions expenses, witness fees, reasonable attorneys'

fees and any other legal and equitable relief that this Court deems just and equitable.

/s/Donyetta D. Bailey
Donyetta D. Bailey ((Ohio)0072433)
Bailey Law Office, LLC
1600 Scripps Center
312 Walnut Street
Cincinnati, Ohio 45202
Phone: (513) 263-6800
Facsimile: (513) 263-6801
dbailey@baileylawofficellc.com

*Counsel for Plaintiff, Michael T. Dawson*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all the issues raised in his Complaint.

/s/Donyetta D. Bailey
Donyetta D. Bailey ((Ohio) 0072433)