UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | |
|---|---|
| Alvin Moore | Case No. 1:18-CV-486 |
| Plaintiff, | Judge: Mathew W. McFarland |
| v. | |
| Coca Cola Bottling Company Consolidated | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Defendant. | (Jury Demand Endorsed Herein) |

Now comes the Plaintiff, Alvin Moore ("Plaintiff" or "Moore"), by and through counsel, for his First Amended Complaint against the above-named Defendant as follows:

## I. THE PARTIES

1. Plaintiff is an individual residing in Cincinnati, Ohio, Hamilton County and is an employee of the Defendant.

2. The Defendant is, upon information and belief, a foreign company with its corporate office located at 4100 Coca Cola Plaza, Charlotte, North Carolina 28211.

3. The Defendant also has a facility located at 5100 Duck Creek Road, Cincinnati, Ohio 45227 ("Duck Creek"), which is where the Plaintiff worked for the Defendant at all relevant times herein.

4. The Defendant is the largest bottling company for Coca Cola in the United States with its corporate office in Charlotte, North Carolina, and 13 manufacturing facilities, 30 distribution and sales facilities, in the United States.

5. The Defendant's primary service is to make, sell and distribute beverages of The Coca-Cola Company, and other partner companies in more than 300 brands and flavors across 14 states and the District of Columbia, to over 65 million consumers.

6. At all relevant times herein, the Defendant employed the Plaintiff to work as a forklift operator at its Duck Creek facility in Cincinnati, Ohio.

7. At all relevant times herein, the Defendant was the Plaintiff's employer and is an employer as defined by Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. 2000e(b), *et seq.*; the Ohio Civil Rights Act as found in the Ohio Revised Code Chapter 4112.

8. At all relevant times herein, the Plaintiff was an employee of the Defendant, and is an employee as defined in Title VII of the Civil Rights Act of 1964, as codified in 42 U.S.C. 2000e(b), *et seq.*; the Ohio Civil Rights Act as found in Ohio Revised Code § 4112.01, *et seq.*

## II. JURISDICTION AND VENUE

9. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

10. This Court has federal jurisdiction over this case pursuant to 28 U.S.C. §1331 because Plaintiff's Complaint raises a cause of action under Title VII of the Civil Rights Act of 1964, as amended, as codified in 42 U.S.C. 2000e(b), *et seq.* This Court has supplemental jurisdiction over the Plaintiff's state law causes of action pursuant to 28 U.S.C. § 621, *et seq.* because these claims arise out of the same facts and circumstances involved in the federal causes of action herein and involve the same case or controversy.

11. Venue is proper within the Southern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391 because all of the conduct giving rise to the Plaintiff's causes of action occurred in Cincinnati, Ohio, Hamilton County.

12. Plaintiff dually filed a charge of race and gender discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC"). The EEOC issued a Dismissal and Notice of Rights, which was mailed on April 18, 2018. See attached Exhibit 1. Plaintiff duly filed a second charge of race discrimination with the EEOC and OCRC concerning termination of his employment. See attached Exhibit 2. The EEOC issued a Dismissal and Notice of Rights, which was mailed on April 27, 2020. See attached Exhibit 3.

### III. FACTS

13. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

14. Plaintiff is an African American male.

15. On or about March 15, 2015 the Defendant hired the Plaintiff to work as a Pallett Jack Operator. On January 5, 2017, the Plaintiff was promoted to a Forklift Operator position on third shift.

16. The Plaintiff switched to second shift in April 2017.

17. On or about June 21, 2017, the Defendant held a meeting with all 2nd shift forklift operators, pallet jack operators and two second shift supervisors (Darryl and Anthony).

18. In the meeting, two shift supervisors told the workers that they could not stage their product outside the warehouse in a driveway next to the door anymore because of OSHA issues and new food safety laws.

19. Kenny McGuire (African American male) spoke for everyone and said this will slow the whole process down and slow the build down.

3

20. The meeting was getting unruly, so the Plaintiff Alvin said "look, fuck it, if it's going to slow us down, let it slow us down, let's go man."

21. The Plaintiff was talking specifically to Kenny and all the other guys that were complaining about not being able to do their job under these new rules.

22. A lot of employees were cursing during this meeting, in addition to the Plaintiff.

23. Even though other white employees were also cursing during this meeting, the Defendant singled out the Plaintiff and terminated his employment for "inappropriate language in front of a supervisor." They called this insubordination.

24. The Defendant treated similarly situated white employees differently than the Plaintiff even though these employees engaged in the same conduct.

25. The Plaintiff was treated differently because of his race and in retaliation for his prior complaints of discrimination, harassment and various terms and conditions of his employment.

26. Approximately three weeks later, the Defendant called the Plaintiff back to work and reinstated his employment (without back pay) but they forced him to sign a Last Chance Agreement.

27. On April 11, 2017, Coca Cola, claimed that the Plaintiff tested positive for a controlled substance and forced him to sign a Second Change Agreement. However, per their drug testing policy, a positive test is 50 ng/ml for Cannabis and the Plaintiff's test results were below this level.

28. The Second Chance Agreement allowed for random drug testing for the next 24 months.

4

29. On July 12, 2018, they subjected the Plaintiff to a random drug test and claimed that he tested positive for cannabis and terminated his employment (for the second time) on July 31, 2018.

30. Other similarly situated white employees were also placed on a Second Chance Agreement, but none of them were subjected to as many random drug tests as the Plaintiff.

31. One white male employee was on a Second Chance Agreement for 5 years and the Defendant never issued a random drug test to him at all during this entire time. This same employee also reported to work clearly intoxicated and under the influence of alcohol on multiple occasions, but the Defendant never disciplined him, placed him on a Second Chance Agreement and/or terminated his employment in compliance with their drug and alcohol abuse policy.

32. In March or April 2018, this same employee came to work visibly intoxicated and stumbled and fell several times. He wreaked of alcohol and dropped his alcohol filled flask in front of production supervisors, and other employees. His intoxication at work also interrupted the progress of the robot in the warehouse, yet, the Defendant still did not discipline him and/or terminated his employment.

33. Other similarly situated white male employees were also treated differently concerning mandatory drug testing for work-related accidents than African American employees. The Plaintiff was also wrongfully disciplined for hitting a robot, when other white employees were not disciplined for this same thing.

34. As a direct and proximate cause of the Defendant's actions, the Plaintiff has suffered damages for which he is entitled to judgment as a matter of law.

5

## COUNT I

## (RACE DISCRIMINATION & RETALIATION -TITLE VII)

35. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

36. Plaintiff is an African American male, and a member of a protected class.

37. Plaintiff was fully qualified for his position at all relevant times herein.

38. The Defendant fired the Plaintiff and Plaintiff's termination permitted the hiring and/or retention of white employees.

39. Plaintiff was treated differently than other similarly situated white employees who are not members of his protective class with respect to the terms and conditions of his employment.

40. The Defendant retaliated against the Plaintiff and terminated his employment for the second time in retaliation for his prior charge of race discrimination and for his previous internal complaints of race discrimination.

41. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees, and, is entitled to judgment as a matter of law.

42. The Defendant acted intentionally, willfully, wantonly, recklessly, egregiously, and maliciously when taking the actions described herein.

43. The Defendant also acted with malice and reckless indifference to the Plaintiff's rights. Consequently, the Plaintiff is entitled to punitive damages as a matter of law.

44. Therefore, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNT II

## (RACE DISCRIMINATION & RETALIATION – R.C. 4112.02 & 4112.99)

45. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

46. Plaintiff is an African American male, and a member of a protected class.

47. Plaintiff was fully qualified for his position at all relevant times herein.

48. The Defendant fired the Plaintiff and Plaintiff's termination permitted the hiring and/or retention of white employees.

49. Plaintiff was treated differently than other similarly situated white employees who are not members of his protective class with respect to the terms and conditions of his employment.

50. The Defendant retaliated against the Plaintiff and terminated his employment for the second time in retaliation for his prior charge of race discrimination and for his previous internal complaints of race discrimination.

51. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered harm, including but not limited to front pay, back pay, emotional harm, compensatory damages, and attorney's fees, and, is entitled to judgment as a matter of law.

52. The Defendant acted intentionally, willfully, wantonly, recklessly, egregiously, and maliciously when taking the actions described herein.

53. The Defendant also acted with malice and reckless indifference to the Plaintiff's rights. Consequently, the Plaintiff is entitled to punitive damages as a matter of law.

54. Therefore, Plaintiff seeks all compensatory and punitive damages allowed by law.

## COUNT III

7

### **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

55. Plaintiff fully incorporates the allegations in the preceding paragraphs of this Complaint as if fully rewritten herein.

56. The Defendant's conduct was intentional, willful, wanton, malicious, reckless, and outrageous.

57. As a direct and proximate cause of the Defendant's actions, Plaintiff has suffered emotional harm, and is entitled to judgment as a matter of law.

58. Thus, Plaintiff seeks compensatory and punitive damages allowed by law.

WHEREFORE, the Plaintiff respectfully requests the Court to do the following:

1) JUDGMENT in favor of the Plaintiff on all Counts in the Complaint.

2) AWARD Plaintiff full compensatory damages allowed under the applicable state and federal laws (including, but not limited to all lost pay and benefits, back pay, front pay, emotional distress damages, and attorney's fees) in excess of $100,000.

3) AWARD Plaintiff PUNITIVE DAMAGES; and

4) AWARD Plaintiff prejudgment and post judgment interest, and all costs associated with the pursuit of this action, including, but not limited to, court costs, filing fees, depositions expenses, witness fees, reasonable attorneys' fees and any other legal and equitable relief that this Court deems just and equitable.

/s/Donyetta D. Bailey_____
Donyetta D. Bailey ((Ohio)0072433)
Bailey Law Office, LLC
1600 Scripps Center
312 Walnut Street
Cincinnati, Ohio 45202
Phone: (513) 263-6800
Facsimile: (513) 263-6801
dbailey@baileylawofficellc.com

*Counsel for Plaintiff, Alvin Moore*

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all the issues raised in his Complaint.

/s/Donyetta D. Bailey_____
Donyetta D. Bailey (0072433)

4813-7711-2763, v. 1

9

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Alvin Moore<br>5744 Pearton Ct<br>Cincinnati, OH 45224 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐   On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2017-03137 | Jeremy A. Sells,<br>State & Local Coordinator | (317) 226-7221 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*          April 18, 2018

**Michelle Eisele,**
**District Director**          *(Date Mailed)*

Enclosures(s)

cc:    HR DIRECTOR
       COCA-COLA CONSOLIDATED
       5100 Duck Creek Rd
       Cincinnati, OH 45227

Donyetta D. Bailey, Esq.
BAILEY LAW OFFICE, LLC
1600 Scripps Center
312 Walnut Street
Cincinnati, OH 45202

**RECEIVED**

**MAY 24 2019**

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | |

Ohio Civil Rights Commission ___ and EEOC
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Alvin Moore | 513-679-1672 | |

Street Address: 5744 Pearton Court, Cincinnati, Ohio 45224

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Coca Cola Bottling Company Consolidated | 500+ | |

Street Address: 5100 Duck Creek Road, Cincinnati, Ohio 45227

DISCRIMINATION BASED ON (Check appropriate box(es).)

X RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

X RETALIATION __ AGE __ DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 4/2017  Latest:

X CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

My name is Alvin Moore and I am an African American male. I worked for Coca Cola as a Forklift Operator/Back-up Lab Tech until they wrongfully terminated my employment on July 31, 2018. On April 11, 2017, Coca Cola claimed that I tested positive for a controlled substance and forced me to sign a Second Change Agreement. However, per their drug testing policy, a positive test is 50 ng/ml for Cannabis and my test results were below this level. The Second Chance Agreement allowed for random drug testing for the next 24 months. On July 12, 2018, they subjected me to a random drug test and claimed that I tested positive for cannabis and terminated my employment on 7/31/2018. In addition, other similarly situated white employees were also placed on a Second Chance Agreement, but none of them were subjected to as many random drug tests as me.

One white male employee was on a Second Chance Agreement for 5 years and they never issued a random drug test to him at all during this entire time. This same employee also reported to work clearly intoxicated and under the influence of alcohol on multiple occasions, but they never disciplined him, placed him on a Second Chance Agreement and/or terminated his employment in compliance with their drug and alcohol abuse policy. In March or April 2018, he came to work visibly intoxicated and stumbled and fell several times. He wreaked of alcohol and dropped his alcohol flask in front of production supervisors, and other employees. His intoxication at work also interrupted the progress of the robot in the warehouse, yet, they still did not discipline him and/or terminated his employment.

Other similarly situated white male employees were also treated differently concerning mandatory drug testing for work-related accidents than African American employees. I was also wrongfully disciplined for hitting a robot, when other white employees were not disciplined for this same thing.

I believe they discriminated against me due to my race and in retaliation for my previous EEOC/OCRC Charge of race discrimination in violation of Title VII of the Civil Rights Act of 1964 and

# Alvin Moore EEOC Charge- Termination 4851-6949-5191 v.1-pdf

Final Audit Report 2019-05-23

| | |
|---|---|
| Created: | 2019-05-23 |
| By: | donyetta bailey (dbailey@baileylawofficellc.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAbwZQWqxagNntJrwYy4G-x_R44FT-nj0B |

## "Alvin Moore EEOC Charge- Termination 4851-6949-5191 v.1-pdf" History

- Document created by donyetta bailey (dbailey@baileylawofficellc.com)
  2019-05-23 - 10:47:09 PM GMT- IP address: 65.27.185.51

- Document emailed to Alvin Moore (al.jr.moo83@gmail.com) for signature
  2019-05-23 - 10:48:23 PM GMT

- Email viewed by Alvin Moore (al.jr.moo83@gmail.com)
  2019-05-23 - 10:48:42 PM GMT- IP address: 64.233.172.61

- Document e-signed by Alvin Moore (al.jr.moo83@gmail.com)
  Signature Date: 2019-05-23 - 10:52:40 PM GMT - Time Source: server- IP address: 166.216.159.23

- Signed document emailed to Alvin Moore (al.jr.moo83@gmail.com) and donyetta bailey (dbailey@baileylawofficellc.com)
  2019-05-23 - 10:52:40 PM GMT

Adobe Sign

AEEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Alvin Moore  
5744 Pearton Ct  
Cincinnati, OH 45224

From: Cincinnati Area Office  
John W. Peck Fed. Bldg  
550 Main Street, Suite 10-191  
Cincinnati, OH 45202

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2019-01240 | Daniel F. Williams, Investigator | (513) 914-6015 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Melanie L Breen*  
Digitally signed by Melanie L Breen  
DN: cn=Melanie L Breen, o=Cincinnati Area Office, ou=EEOC, email=melanie.breen@eeoc.gov, c=US  
Date: 2020.04.27 11:38:27 -04'00'

April 27, 2020

Enclosures(s)     Melanie L. Breen, Area Office Director     *(Date Mailed)*

cc: Sonya Richburg  
Counsel, Labor & Employment  
Coca-Cola Consolidated, Inc.  
4100 Coca-Cola Plaza  
Charlotte, NC 28211

Donyetta Bailey  
BAILEY LAW OFFICE, LLC  
1600 Scripps Center  
312 Walnut Street  
Cincinnati, OH 45202

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***